83,944-01

IN THE COURT OF APPEALS
4th COURT OF APPEALS DISTRICT

IN THE DISTRICT COURT
D379th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

EX PARTE
IN RE  MATTHEW JAMAL JACKSON
BEXAR COUNTY DETENTION CENTER
200 N. COMAL
SAN ANTONIO, TX 78207

CAUSE NO. 2014-CR-0148
COURT D379th
HONORABLE JUDGE RON RANGEL
PROSECUTING ATTORNEY NICHOLAS LAHOOD

# WRIT OF HABEAS CORPUS IMPRISONED WITHOUT PROBABLE CAUSE

TO THE SAID HONORABLE COURT:

Now comes, Matthew Jamal Jackson, Petitioner herein in the above styled Numbered cause of action and respectfully files his "Writ of habeas corpus imprisoned without probable cause. Pursuant to Vernon's Ann C.C.P Art. 51.14, Arts 21.20, 11.43 A challenge to probable cause to hold defendant in custody to answer an accusation cannot be defeated in habeas corpus proceeding by mere showing of existence of such an accusation. Writ of Habeas Corpus under constitutional Article 1, § 12 of the Texas Constitution, that the privilege to the writ of Habeas Corpus may never be suspended, SEE Townsend v. Sam 372 U.S. 293, 319 (1963).

Petitioner invokes Chapter 11 of the Texas Code of Criminal Procedure is A "Remedy BY LAW" AND "DUE PROCESS "Review is Constitutional Articles 1 § 13, 19 AND 1, § 29 Texas Constitution. Petitioner would show the following in support : Jurisdiction invoked 28 U.S.C. 2241 (a)(3), 2254 (3)(c), 2254(a)

RECEIVED IN
COURT OF CRIMINAL APPEALS
SEP 24 2015
Abel Acosta, Clerk

## I.
## BRIEF DISCUSSION

Petitioner contend's he is wrongfully accused of an offense. Aggravated Robbery under Section 29.03 of the Texas Penal Code. Petitioner is falsely imprisoned and restrained of his liberty by virtue of Susan Pamverleau. The Sheriff of Bexar County in the Bexar County Detention Center.

Petitioner contend's that he was illegality arrested without a probable cause in Bastrop, County Texas. Petitioner was charged and booked on charges of unauthorized use of a motor vehicle and evading arrest detention on September 28, 2013 for the information on Complaint of Aggravated Robbery in Bexar County. Petitioner contends that he is INNOCENT and did not commit a crime Charges were dismissed against Petitioner on October 18, 2013 for unauthorized use of a motor vehicle and evading arrest detention.

The Complaint was filed on September 28, 2013 and Affidavit for Arrest Warrant was filed October 3, 2013 at 2:59pm sworn, on oath by Affiant, Detective T. Wilson #2269 in the magistrate Court number: 992601 SEE ATTACHED DOCUMENTS.

Petitioner contends that he should have never been charged with the offense of Aggravated Robbery because the information of the Complaint alone is insufficient there is No evidence in this matter, Because Detective T. Wilson couldn't get a confession after Petitioner involved his right to counsel see Michigan v. Mosley 423 U.S. 96 103 (1975).

Petitioner was threaten by Detective T. Wilson after Detective walked out of the interrogation room in Bastrop, County, Texas. Detective T. Wilson stated that he would charge Petitioner because he believed Petitioner committed the crime.

Petitioner believes Law Enforcement Officers manufactured fabricated the police report in Bastrop, County Texas. Petitioner believes this because Petitioners personal property was seized and search from inventory property room in Bastrop, County Texas without a warrant. The camera shows petitioner with petitioners personal property at Booking getting contact information to contact family members to notify family on exigent circumstances.

2

# II.
## PETITIONER CHALLENGES PROBABLE CAUSE FOR HIS CONTINUED DETENTION

Petitioner contends that after charges were dismissed in Bastrop County Texas that he should have never been charged with the offense of Aggravated Robbery which makes criminal accusation against him twice Double Jeopardy.

"The affidavit or complaint must set forth a sufficient basis upon which an independent finding of probable cause can be made by the magistrate before the issuance of an arrest warrant." Petitioner, as stated above, does not challenges the probable cause for issuance of a warrant for arrest, nor for his arrest: he challenges probable cause for his continued detention; SEE Barnes v. Texas, 380 U.S. 253, 85 S. Ct. 942, 13 L. Ed. 2d 818 (1965)

Petitioner contends that the State has failed to introduce sufficient evidence to show probable cause for his continued detention. The record reflects that Petitioner was arrested and charged by complaint and information with the offense of Aggravated Robbery, V.T.C.A., Penal Code Sec. 29.03 a Felony.

The evidence introduced by the State consisted solely of the complaint and information filed against Petitioner and the capias that was issued thereon. Art. 23.03, V.A.C.C.P. Petitioner produced no evidence.

3

Petitioner relies on Ex parte Wright, 138 Tex. Cr. R. 350, 136 S.W. 2d 212. In that case the accused petitioner challenged the existence of probable cause for his confinement. The State showed a complaint and warrant of arrest, but nothing more. With reliance on Art. 155, C.C.P. (1925), now Art. 11.43, V.A.C.C.P., which provides that in the hearing of a habeas corpus writ, "No presumption of guilt arises from the mere fact that a criminal accusation has been made before a competent authority", the Court in Wright found the complaint and arrest warrant insufficient to show probable cause for confinement and order the petitioner discharged.

"In Ex parte Wright, 138 Tex. Cr. R. 350, 136 S.W. 2d 212, the rule is announced that when one is held in custody, under complaint, and seeks release by habeas corpus, it is incumbent upon the State to introduce against him sufficient evidence to show probable cause for holding him in custody and if the complaint alone is insufficient, as it is, then the prosecutorial act of filing an information upon that complaint (Art. 21.20, V.A.C.C.P.) adds nothing in the way of evidence of probable cause to believe the accused to be guilty of a criminal act. Wright remains unrepealed on the statue books.

Likewise, the issuance of a capias upon a summons in felony charge, being a ministerial act (Art. 23.03, V.A.C.C.P), adds nothing toward proof of facts showing probable cause; SEE Also Ex parte Garcia 547 S.W. 2d 271 (Tex. Cr. App. 1977)

4

By authority of Article 11.43, supra, the evidence in this case is insufficient as a matter of state law to discharge the State's burden. We conclude that the State has failed "to discharge the burden of proving the existence of facts from which it appeared that the petitioner is guilty of any criminal act..." Ex parte Gynn, 116 Tex. Cr. R. 121, 32 S.W. 2d 187.

Due Process Clause forbids a State from convicting a person of a crime without proving the elements of that crime beyond a reasonable doubt; see Bunkley v. Florida, 538 U.S. 835, 155 L. Ed. 2d 1046, 123 S. Ct. 2020 (2003).

WHEREFORE, PREMISES CONSIDERED, Defendant prays that this Court grant his Petition Writ of Habeas Corpus Imprisoned without probable cause justice is render and he is released and discharge from illegal confinement of his liberty.

Respectfully Submitted,
Matthew Jamal Jackson
Bexar County Detention Center
200 N. COMAL
SAN ANTONIO, TX 76207

SANDRA LNN MALLOY
NOTARY PUBLIC
STATE OF TEXAS
My Comm. Exp. 02-22-2019

August 3, 2015

5

Court of Criminal Appeals
Troy C. Bennett, Clerk
Supreme Court Bldg.
201 W. 14th Street, Room 106
Austin, Texas 78711

DECLARATION IN SUPPORT OF REQUEST FOR
LEAVE TO PROCEED IN FORMA PAUPERIS

MATTHEW JACKSON states:

1. I am the plaintiff in the above-entitled action. I make this declaration in support of my application for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

2. I am incarcerated in the Bexar County Detention Center

3. I have received approximately in gifts from family members over the pass 12 months.

4. I have no other source of income and do not own any cash, bank accounts, real estate, stocks, bonds, notes, automobiles, or other valuable property.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

9/16/15

Matthew Jackson
Bexar County Detention Center
200 N. COMAL
SAN ANTONIO, TX 78207
AE#42 4th Floor

# Inmate Balance History Report - Simple

Number: B201350023    Secondary: 1018145    Location: ADC AE AE42

Name: JACKSON, MATTHEW JAMAL

| Transaction | Date | Total Amount | Running Balance | Running Owed | Running Other |
|---|---|---|---|---|---|
| INCOMING DEPOSIT | 10/25/2013 09:12:51PM | $20.00 | $20.00 | $0.00 | $0.00 |
| ORDER DEBIT | 11/10/2013 01:51:36AM | ($19.27) | $0.73 | $0.00 | $0.00 |
| ORDER DEBIT | 12/30/2014 05:56:44PM | ($0.69) | $0.04 | $0.00 | $0.00 |
| MEDICAL CHARGE | 01/08/2015 05:27:01PM | ($10.00) | $0.00 | ($9.96) | $0.00 |
| **Ending Totals:** | | | **$0.00** | **($9.96)** | **$0.00** |

This report may contain privileged and/or confidential information that is intended solely for the use of the Correctional Facility. The report may contain nonpublic personal information about inmates subject to the restrictions of privacy laws. You may not directly or indirectly reuse or disclose such information for any purpose other than to provide the services for which you are receiving the information.